**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 20-cr-00191-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    SAMUEL EDELEN,

       Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)**
_____

This matter is before the Court on Defendant Samuel Edelen's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c). (Doc. # 59.) After complete review of Mr. Edelen's Motion, his Addendum (Doc. # 61), the Responses by the Government (Doc. # 62) and the Probation Office (Doc. # 65), and Mr. Edelen's Reply (Doc. # 67), and considering the applicable factors in 18 U.S.C. § 3553(a), it is ORDERED that Mr. Edelen's Motion for Sentence Reduction is DENIED.

FACTORS CONSIDERED:

- Samuel Edelen is a 44-year-old inmate currently housed at USP Victorville in Victorville, California. (Doc. # 59 at 7; Doc. # 48 at 3.)

- On May 20, 2021, Mr. Edelen pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. (Doc. # 36 at 1.) This Court sentenced Mr. Edelen to 60 months imprisonment in the Federal Bureau of Prisons ("BOP") followed by 3 years of supervised release. (Doc. # 55 at 2–3.)

1

- Mr. Edelen's projected release date is September 27, 2024. (Doc. # 62 at 2.) Mr. Edelen asserts that he has served approximately 50% of his sentence. (Doc. # 61 at 1.)

- Mr. Edelen submitted an institutional request for compassionate release to the warden of USP Victorville, however, 30 days lapsed from the receipt of Mr. Edelen's release request without a response. (Doc. # 59 at 2–3.) Accordingly, there is no dispute that this Court has jurisdiction to adjudicate the Motion. (Doc. # 62 at 2 n.1); *see* 18 U.S.C. § 3582(c)(1)(A).

- Mr. Edelen now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 59.) He argues that release is justified on the basis of (1) Mr. Edelen's spouse needing help to provide childcare for his 16-month-old son, who was recently diagnosed with autism spectrum disorder and is no longer permitted to attend his daycare; (2) Mr. Edelen's existing health conditions and vulnerability to COVID-19; (3) the BOP's failure to provide Mr. Edelen adequate medical care; and (4) the BOP not allowing him to participate in programming.

- The Court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) if the Court finds that (1) extraordinary and compelling reasons warrant such a reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;[1] and (3) such reduction is

---

[1] Because the United States Sentencing Commission has not promulgated a post-First Step Act policy statement, there currently are no "applicable policy statements" with respect to a motion for sentence reduction brought by a defendant, as opposed to a motion brought by the Bureau of Prisons. *See United States v. Dean*, No. 21-2082, 2022 WL 484241, at *1 (10th Cir. 2022) (unpublished) ("[U]ntil the Sentencing Commission promulgates new policy statements, a district court may consider only the first and third prerequisites for compassionate release under § 3582(c)(1)A) because currently there are no applicable policy statements under the second prerequisite.").

warranted under the circumstances of the case after considering the applicable §
3553(a) factors. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021)
(citing 18 U.S.C. § 3582(c)(1)(A)(i)).

- As the movant, Mr. Edelen bears the burden of establishing that he is eligible for
  a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016);
  *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- The Sentencing Commission has identified several circumstances—such as
  advanced age, severe physical deterioration, terminal illness, or the death of a
  caregiver of the defendant's minor children—that may qualify as "extraordinary or
  compelling reasons" that justify a sentence reduction. USSG § 1B1.13, cmt.
  n.1(A)–(C). Although the Court is not constrained by the Sentencing
  Commission's guidance at step one of the 18 U.S.C. § 3582(c)(1)(A) inquiry, the
  Court concludes that the application notes to USSG § 1B1.13 "still provide[] the
  best definition and description of 'extraordinary and compelling reasons.'" *United
  States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished); *see United
  States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021) (finding that the
  Sentencing Commission's examples of "extraordinary and compelling reasons"
  are descriptions and not limiting definitions).

- Mr. Edelen asserts that there are several "extraordinary and compelling reasons"
  justifying early release, including that his 16-month-old son was recently
  diagnosed with autism spectrum disorder and is no longer permitted to attend his
  daycare. (Doc. # 59 at 4.) Mr. Edelen contends that his spouse is unable to take
  time off work to care for their son while also providing financially for herself and

their two children, and she is currently searching for a daycare that she can afford for toddlers with special needs. (*Id.*) In addition, Mr. Edelen argues that he has medical concerns, including hypertension and being immunocompromised due to a low white blood cell count, that render him particularly vulnerable to experiencing severe consequences from contracting COVID-19. (*Id.* at 6; Doc. # 61 at 3.) Mr. Edelen further asserts that he has been denied medical care and the COVID-19 vaccination by BOP and that BOP has not permitted him to participate in programs that would give him the opportunity to reduce his pattern risk score during incarceration. (Doc. # 59 at 8.)

- The Government responds that Mr. Edelen has not met his burden of showing extraordinary and compelling circumstances. (Doc. # 62 at 4.) With respect to Mr. Edelen's alleged medical concerns, the Government provides evidence that Mr. Edelen has been treated by BOP medical personnel on approximately 23 occasions for a number of issues since March 2021. (*Id.*) The Government acknowledges that Mr. Edelen has been diagnosed with and treated for hypertension, but the Government contends that Mr. Edelen's assertions that he has "irregular heartbeats," has "life threatening glucose levels," and is "immunocompromised" are unsupported. (*Id.* at 4–5.) Further, the Government argues that the inability to find daycare for Mr. Edelen's son is not equivalent to the death or incapacitation of a caregiver and, according to Mr. Edelen, his spouse is able to care for the child and is currently searching to find another daycare provider. (*Id.* at 8.) The Government also notes that a lack of available programming in BOP simply does not present circumstances warranting early

release. Finally, the Government argues that a reduction in sentence is not consistent with the sentencing factors in 18 U.S.C. § 3553(a) because Mr. Edelen still presents a danger to the community. (*Id.* at 10–11.)

- The Court finds that Mr. Edelen has not presented extraordinary and compelling reasons justifying early release or a sentence reduction. While the Court is sympathetic to the hardships facing Mr. Edelen's family, the Court notes that Mr. Edelen's spouse is present and able to care for the children in Mr. Edelen's absence. According to Mr. Edelen, she has support from her mother in the interim period while she searches for a new daycare for their 16-month-old son. Given that the child is adequately cared for, these circumstances are not sufficiently "extraordinary and compelling" to justify early release. *See United States v. Birch*, No. 17-cr-00135-RBJ, 2022 WL 2803932 (D. Colo. July 18, 2022) (finding no "extraordinary or compelling" circumstances where the defendant's child was surrendered to family members by the child's mother and was having emotional issues at home and in school); *United States v. Sam*, No. 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (finding family circumstances did not amount to "extraordinary and compelling reasons" where mother of defendant's children could capably care for defendant's children despite contracting COVID-19 twice).

- The Court also finds that Mr. Edelen has not established that his medical conditions constitute "extraordinary and compelling" reasons justifying compassionate release, such as terminal illness or a permanent physical or medical condition that substantially diminishes Mr. Edelen's ability to provide self-

care within the environment of a correctional facility. *See* USSG § 1B1.13, cmt. n.1(A). Although Mr. Edelen contends that he is "immunocompromised" and has other life-threatening medical conditions, Mr. Edelen does not provide evidence to support these assertions. The Court has reviewed the medical records provided by the Government and is satisfied that Mr. Edelen is receiving adequate medical care and that he does not have a life-threatening medical condition that presents an extraordinary and compelling reason for early release.

- Further, this Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling reasons justifying compassionate release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, No. 15-CR-81S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." (emphasis removed)).

- Although Mr. Edelen argues that he repeatedly asked for the COVID-19 vaccination and was denied that vaccination by BOP, the Court notes that Mr. Edelen refused the COVID-19 vaccination on May 5, 2021. (Doc. # 62-2 at 73.)

Moreover, in his Reply, Mr. Edelen indicates that he was seen on September 8, 2022, for his first dose of the vaccine. (Doc. # 67-5 at 11.) This Court agrees with those courts that have found that an inmate's vaccination against COVID-19, or his refusal to receive a vaccination, weighs against a finding of extraordinary and compelling circumstances. *See United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (citing *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. Apr. 5, 2021) for its illustration of a "'growing consensus' that either receiving or refusing COVID-19 vaccination 'weighs against a finding of extraordinary and compelling circumstances'"); *see also United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) ("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison."); *United States v. Singh*, 525 F. Supp. 3d 543, 546–47 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release.").

- Even assuming Mr. Edelen has met his burden of proving extraordinary and compelling circumstances, early release would not be appropriate. The Court has fully considered the 18 U.S.C. § 3553(a) factors and finds that early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence to criminal conduct. Mr. Edelen was caught unlawfully possessing a firearm on four

7

separate occasions in 2020, and on each occasion he was arrested and charged for his conduct. (Doc. # 62 at 10.) For each of the first three unlawful possession arrests, in March, April, and May of 2020, Mr. Edelen was released on bail and caught reoffending within a matter of weeks. (*Id.*) For the fourth incident, in July 2020, Mr. Edelen was discovered in possession of a firearm along with narcotics and distribution materials. (*Id.*) Given these circumstances, the Court finds that allowing Mr. Edelen to serve only half of his sentence would not reflect the seriousness of the crimes he committed or afford adequate deterrence to his criminal conduct. 18 U.S.C. § 3553(a)(2)(A) & (B).

- Because Mr. Edelen has failed to demonstrate the existence of extraordinary and compelling circumstances to warrant reducing his sentence and because the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of his release, early release is not justified. For the foregoing reasons, Mr. Edelen's Motion for a Sentence Reduction (Doc. # 59) is DENIED.

DATED:  October 3, 2022

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge