IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Case No. 20-cr-00191-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SAMUEL EDELEN,

       Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY**
_____

This matter is before the Court on Defendant Samuel Edelen's Motion (Doc. # 80), which the Court construes as a Motion for Return of Property.[1] Therein, Mr. Edelen requests the return of $655 seized from him when he was arrested in 2020.

On May 20, 2021, Mr. Edelen pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. (Doc. # 36 at 1.) The Stipulation of Facts section within his plea agreement provides that on July 9, 2020, law enforcement observed Mr. Edelen commit a petty offense while in possession of a black backpack. (*Id.* at 9.) When law enforcement eventually stopped Mr. Edelen and searched his backpack and his person, they found a stolen firearm, drugs and drug paraphernalia, a set of car keys, other personal items, and $655 in cash. (*Id.*) Mr. Edelen now requests the return of that money.

---

[1] Because Mr. Edelen proceeds *pro se*, the Court "review[s] his . . . papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

In Response, the Government states that the money was taken into custody by the Adams County Sheriff's Department and remains there to this day. (Doc. # 83 at 2.) Federal law enforcement did not take custody of the funds seized on July 9, 2020, nor did the Government seek forfeiture of the funds. (*Id.*) However, the Government did inquire with the Adams County Sheriff's Department about the money at issue and the department confirmed that the $655 is still within its custody. (*Id.* at 3.)

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." However, the Court cannot grant Mr. Edelen relief because the federal government did not take custody of, nor does it currently have custody of, the funds he seeks to have returned. *See United States v. Jurado-Barajas*, No. 02-CR-39-1-J, 2017 WL 10128989, at *2 (D. Wyo. Feb. 1, 2017) ("The United States cannot return property it does not possess."). In addition, Mr. Edelen has an adequate state court remedy to seek the return of his funds. *Id.* at *2 ("Where state avenues of relief are open to defendant, he cannot show an inadequate remedy at law.").

As stated in the Government's Response, Mr. Edelen is advised that he may contact Detective Sergeant Rodriguez of the Adams County Sheriff's Department at (303) 654-1850 or frodriguez@adcogov.org to arrange the release of his $655.

For the foregoing reasons, Mr. Edelen's Motion for Return of Property (Doc. # 80) is DENIED.

DATED:  May 5, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge